NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MICHAEL SEW HOY (Cal. Bar No. 243391)
DAN G. BOYLE (Cal. Bar No. Pending)
Assistant United States Attorneys
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2426
     Facsimile: (213) 894-0142
     E-mail:  Michael.R.Sew.Hoy@usdoj.gov
           Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV 20-6319-JAK-SKx |
| | ) | |
| Plaintiff, | ) | |
| | ) | **EX PARTE APPLICATION FOR WRIT** |
| v. | ) | **OF ENTRY** |
| | ) | |
| REAL PROPERTY LOCATED IN | ) | |
| BEVERLY HILLS, CALIFORNIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

In connection with the Verified Complaint for Forfeiture filed on July 16, 2020 against the above-captioned defendant (the "Defendant Property"), the United States of America (the "government") submits this ex parte application for a writ of entry in order to inspect, inventory, and appraise the Defendant Property.

<u>Authority for Issuance of a Writ of Entry</u>

The basis for judicial authorization of writs of entry for inspection and appraisal of real property following the filing of a Verified Complaint for forfeiture is 18 U.S.C. § 983(j)(1)(A), which applies to civil actions to forfeit both real property and personal property:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture... upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture.

In the context of real property forfeitures, § 985(b) of the same Chapter specifically recognizes the application of writs of entry for real property. <u>See</u> 18 U.S.C. §985(b)(2) (stating that "the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection.").

In addition, this Court has authority to issue a writ of entry under the "All Writs Act," 28 U.S.C. § 1651, which provides in pertinent part as follows:

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(a) The Supreme Court and all courts established by
Act of Congress may issue all writs necessary or
appropriate in aid of their respective jurisdictions
and agreeable to the usages and principles of law.

In the civil forfeiture context, writs of entry are most
commonly issued in conjunction with the arrest or seizure of
real property for forfeiture. See, e.g., United States v. Real
Property Located at 20832 Big Rock Drive, Malibu, 51 F.3d 1402
(9th Cir. 1995). The purpose of such a writ in the context of
the forfeiture of real property has generally been to inspect
and inventory the real property to document its condition at the
time of seizure and to assess its value. See 18 U.S.C.
§985(b)(2) (approving of "the execution of a writ of entry for
the purpose of conducting an inspection and inventory of the
property.").

## Argument

The government has filed a Verified Complaint in this
action, verified by Internal Revenue Service – Criminal
Investigation Special Agent Nolan Fuller, alleging that the
Defendant Property is a parcel of real property located in Los
Angeles County, California, alleged to have been purchased with
the proceeds of foreign corruption. See generally ECF No. 1
(Verified Complaint for Forfeiture). Because a complaint has
been filed here, under 18 U.S.C.(j)(1)(A), this Court may enter
any appropriate order to preserve this asset subject to
forfeiture, including for a writ of entry, without a hearing; as

3

detailed in subjection (B) of the same section, notice-and-hearing procedures apply only in circumstances where the government has not yet filed a complaint for forfeiture. See United States v. Residence & Real Prop. Located at 24227 Gulf Bay Rd., No. CIV.A. 06-0426-WS-C, 2006 WL 2091764, at *2 (S.D. Ala. July 25, 2006) (holding that "the language of Section 983(j)(1) appears unambiguously not to require such notice so long as the writ issues after the complaint is filed.").[1]

Here, the requested writ permitting entry to the Defendant Property is both appropriate and necessary, as in accordance with §985(b)(2), the government intends to inspect, inventory, and appraise the Defendant Property. Because the government has not seized the property, an inspection and inventory is needed to ensure that the Defendant Property is not damaged or wasted during the pendency of these proceedings, and if necessary, to hold occupants to account for any such damage or waste occurring prior to trial. See United States v. 40 Acres of Real Prop., More or Less, No. CIV. A. 08-0117-WS-C, 2008 WL 565333, at *1 (S.D. Ala. Feb. 27, 2008) ("While [§983(j)(1)] does not expressly mention writs of entry, such writs may be important in protecting the government's incipient interest in the property, including without limitation by creating a disincentive for

---

[1] Notwithstanding the inapplicability of subsection (B)'s notice-and-hearing procedure here, in this case potential claimants likely have actual notice of the government's intent to forfeit the Defendant Property, because following the filing of the Verified Complaint, the government filed a *lis pendens* on the Defendant Property and accordingly, is executing service of the same by mail.

owners to harm, or skim fixtures from, the property."); <u>see also</u>
18 U.S.C. § 2232(a) (making it a felony to knowingly damage or
waste property subject to forfeiture).

<u>Conclusion</u>

For the foregoing reasons, and based upon the previously-filed Verified Complaint for Forfeiture in this action, the government respectfully requests that this Court exercise its authority under the 18 U.S.C. 983(j)(1) and the All Writs Act and issue a writ of entry for the Defendant Property for the purpose of conducting an inspection, inventory, and appraisal of the Defendant Property.


Dated: July 23, 2020            Respectfully submitted,

                                NICOLA T. HANNA
                                United States Attorney
                                BRANDON D. FOX
                                Assistant United States Attorney
                                Chief, Criminal Division
                                STEVEN R. WELK
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section


                                _____/s/_____
                                DAN G. BOYLE
                                Assistant United States Attorney

                                Attorneys for
                                United States of America